### Wade v. Heisey

*Richard W. Davis* of *Davis, Katz, Buzgon & Davis,* for plaintiffs.

*Calvin D. Spitler* of *Spitler, Rowe & Kilgore,* for defendants.

*Alvin B. Lewis, Jr.,* of *Lewis, Brubaker, Whitman & Christianson,* for additional defendants.

GATES, P. J., May 22, 1973.—This matter is before us on defendants' poorly articulated preliminary objections to plaintiffs' complaint. We share the difficulty defendants encountered in articulating reasons why the complaint should be dismissed but we will do our best and then sustain the demurrer.

Plaintiffs filed a complaint in trespass as a civil law action alleging that plaintiffs are owners of property adjoining property owned by defendants; that defendants or their agents, servants, or employes, acting within the scope of their employment and authority,

negligently and willfully placed property line stakes on the property of plaintiffs; that defendants built a drain-field for sewage disposal within four feet of the property line of plaintiffs where the ground was unable to absorb the increased moisture so that sewage discharged onto the surface of plaintiffs' property, forming ice and denying them the access and use of their garages and rear yards. Furthermore, plaintiffs claim that the contours of defendants' land were changed so as to cause additional flow of water both above and below the surface of the land from defendants' property onto plaintiffs' property, extensively damaging them. Plaintiffs seek compensatory damages, punitive damages and "[a]n Order of Court requiring Defendants to correct the situation by removing any portion of their drain-field within ten feet (10') of the property line of Defendants Brown and by providing a system adequate to properly dispose of all sewage and all excess fluids by proper underground methods which do not pollute and effect either the surface or the underground characteristics of the soil on the property of Plaintiffs Brown." Obviously, the fortieth paragraph of the complaint is in error in describing the Browns as defendants. That, however, is unimportant. What is important is that this complaint in trespass seeks equitable relief which is unavailable in an action at law.

If this were a complaint in equity and the remedy was, in fact, a legal one and preliminary objections to it were sustained, we would have authority to certify the action to the law side of the court by reason of Pennsylvania Rule of Civil Procedure 1509. However, we do not believe the converse is true. Maybe no lawyer ever thought of drafting a complaint in trespass seeking damages and equitable relief, and that accounts for the fact that we have been unable

to find any case where a court has certified an improperly pleaded action at law to the equity side of the court where it belongs. Plaintiffs' complaint for damages for negligence and punitive damages is in the right court, although similar damages may be awarded in an equity action. Furthermore, the facts lend themselves to relief without proof of negligence on the theory of nuisance.

The only resolution of this matter, which makes sense to us, is to dismiss the claim without prejudice to plaintiffs to institute an equity action, inasmuch as they have stated a case; but all of the relief they request, and would be entitled to, is unavailable to them on the law side of the court. For a somewhat similar case on the facts brought in equity, see Lerro v. Thomas Wynne, Inc., 451 Pa. 37 (1972).

### ORDER

And now, to wit, May 22, 1973, the complaint is dismissed without prejudice.